United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41751
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE BONILLA-MUNGIA,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before GARWOOD, JONES, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Jose Bonilla-Mungia ("Bonilla") pleaded guilty to being unlawfully present in the United States following deportation and was sentenced to 41 months' imprisonment.  He now appeals the sentence imposed by the district court, asserting that the court plainly erred by enhancing his sentence sixteen levels for a prior "crime of violence."  He also appeals his conviction by challenging the constitutionality of the "felony" and "aggravated felony" enhancement provisions of 8 U.S.C. § 1326(b).  For the reasons stated below, we affirm Bonilla's conviction, vacate his sentence, and remand for development of the record.

1

I.

On June 7, 2003, Bonilla pleaded guilty to being unlawfully present in the United States after being previously deported, in violation of 8 U.S.C. § 1326(a) and (b). In the presentence report ("PSR"), the probation officer recommended a base offense level of eight pursuant to the U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2L1.2(a) (2002). The PSR also included a recommendation for a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) on the ground that Bonilla's 2000 conviction for sexual battery in California was a prior "crime of violence." After a three-level reduction for acceptance of responsibility, the probation officer recommended a sentencing range of 57 to 71 months. The district court adopted the recommendations contained in the PSR, applied a two-level downward departure for Bonilla's cooperation with the Government, and sentenced him to 41 months' imprisonment. Bonilla timely appealed.

II.

*A.*

Bonilla argues that his conviction must be overturned because the felony and aggravated felony provisions contained in 8 U.S.C. § 1326 are unconstitutional. He concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but argues that *Almendarez-Torres* has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466 (2000).

2

*Apprendi* did not overrule *Almendarez-Torres*. *See Apprendi*, 530 U.S. at 489-90; *United States v. Dabeit*, 231 F.3d, 984 (5th Cir. 2000). And, as Bonilla concedes, this court must follow *Almendarez-Torres* "unless and until the Supreme Court itself determines to overrule it." *Hopwood v. State of Texas*, 84 F.3d 720, 722 (5th Cir. 1996). Therefore, his constitutional challenge to § 1326(b) fails, and we affirm his conviction.

*B.*

Bonilla also argues that the district court improperly enhanced his sentence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) by classifying his 2000 California conviction for sexual battery as a crime of violence. Because he failed to raise this issue in the district court, we review for plain error.

The Government urges us to refrain from addressing this issue on the ground that Bonilla waived any objection to his crime-of-violence enhancement at sentencing. However, the Government did not raise this waiver argument in its brief. Rather, it addressed the merits of Bonilla's enhancement under a plain error standard of review. After the parties filed their briefs, we decided *United States v. Calderon-Pena*, 383 F.3d 254 (5th Cir. 2004), which held that a defendant's prior Texas conviction of child endangerment was not a crime of violence for sentence-enhancement purposes because it did not require the use of force as an element. Therefore, we asked the parties for

supplemental briefing about, among other things, the impact of *Calderon-Pena* on this case.  In response to that question, the Government asserted that "*Calderon-Pena* is inapplicable here because Bonilla waived his objection to the 16-level sentencing enhancement" in the district court.  The Government then dedicated two pages of its nine-page letter brief to its new argument about waiver.

We reject the Government's waiver argument for two reasons: it is unresponsive to our questions on supplemental briefing, and it was untimely.  Just as we will not entertain issues first raised by an appellant in his reply brief, *United States v. Brown*, 305 F.3d 304, 307 n.4 (5th Cir. 2002), we will not consider new arguments first raised by an appellee in supplemental briefing on unrelated issues.  Accordingly, the Government has waived its waiver argument,[1] and we proceed with our review of Bonilla's crime-of-violence enhancement.

---

[1]*See United States v. Menesses*, 962 F.2d 420, 425–56 (5th Cir. 1992) (holding that the Government waived its waiver argument by failing to brief the issue and raising it for the first time at oral argument); *see also Tokatly v. Ashcroft*, 371 F.3d 613, 618 (9th Cir. 2004) (holding that the Government waived its waiver argument by addressing the issue on the merits in its reply brief); *United States v. Quiroz*, 22 F.3d 489, 490–91 (2d Cir. 1994) (holding that the Government waived its waiver argument by raising it for the first time in a petition for rehearing); *United States v. Beckham*, 968 F.2d 47, 54 n.5 (D.C. Cir. 1992) (noting that the Government waived any waiver argument it might have made by failing to raise the issue in its appellate brief); *Fagan v. Washington*, 942 F.2d 1155, 1157 (7th Cir. 1991) (same, listing Seventh Circuit cases).

Section 2L1.2(b)(1)(A)(ii) of the Guidelines provides for a sixteen-level enhancement of a defendant's sentence if the defendant was previously deported or remained in the United States after "a conviction for a felony that is . . . a crime of violence."  U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2002).[2]  The commentary to § 2L1.2 defines a "crime of violence" as follows:

> A "crime of violence"
> (I)   means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and
>
> (II)  includes murder, manslaughter, kidnapping, aggravated assault, *forcible sex offenses* (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

U.S.S.G. § 2L1.2, cmt. n.1(B)(ii)(I) & (II) (2002) (emphasis added).

Bonilla contends that his California conviction for sexual battery does not constitute a crime of violence under U.S.S.G. § 2L1.2 because it does not have as an element the use, attempted use, or threatened use of physical force against the person of another; and it is not equivalent to a "forcible sex offense."[3]

When determining whether a prior offense is a crime of violence because it has as an element the use, attempted use, or

---

[2]In determining Bonilla's sentence, the district court applied the 2002 version of the Guidelines.

[3]The only enumerated offense under U.S.S.G. § 2L1.2, cmt. n.1(B)(ii)(II) that might describe California's offense of sexual battery is "forcible sex offense."

threatened use of force, district courts must employ the categorical approach established in *Taylor v. United States*, 495 U.S. 575, 602 (1990). *Calderon-Pena*, 383 F.3d at 257–58; *see also United States v. Alfaro*, 408 F.3d 204, 208 (5th Cir. 2005); *United States v. Gracia-Cantu*, 302 F.3d 308, 309 (5th Cir. 2002). Under that approach, courts determine the elements to which a defendant pleaded guilty by analyzing the statutory definition of the offense, not the defendant's underlying conduct. *Calderon-Pena*, 383 F.3d at 257 (citing *United States v. Vargas-Duran*, 356 F.3d 598, 606 (5th Cir. 2004) (en banc)). If a statute contains multiple, disjunctive subsections, courts may look beyond the statute to certain "conclusive records made or used in adjudicating guilt" in order to determine which particular statutory alternative applies to the defendant's conviction. *See United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005) (discussing the parameters of our review under *Taylor*). These records are generally limited to the "charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, --- U.S. ----, 125 S.Ct. 1254, 1257 (2005).[4]

---

[4]In cases where the defendant did not plead guilty but was convicted by a jury, courts may also consider the jury instructions in order to determine whether an enhancement is implicated under the Guidelines. *See Taylor*, 495 U.S. at 602.

6

Thus, to decide whether the district court's crime-of-violence enhancement was proper, we must answer the following questions: First, what particular offense was Bonilla convicted of? Second, does that offense require proof of the use, attempted use, or threatened use of physical force; or can it be categorized as a forcible sex offense?

Bonilla was convicted of sexual battery under the 1998 version of California Penal Code § 243.4, which lists three discrete methods of committing felony sexual battery.[5]

---

[5]Section 243.4 provides as follows:

(a) Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery[;]

(b) Any person who touches an intimate part of another person who is institutionalized for medical treatment and who is seriously disabled or medically incapacitated, if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery[;]

(c) Any person who, for the purpose of sexual arousal, sexual gratification, or sexual abuse, causes another, against that person's will while that person is unlawfully restrained either by the accused or an accomplice, or is institutionalized for medical treatment and is seriously disabled or medically incapacitated, to masturbate or touch an intimate part of either of those persons or a third person, is guilty of sexual battery[.]

CAL. PENAL CODE § 243.4 (West 1998). Section 243.4(d) sets forth the offense of misdemeanor sexual battery. That subsection is inapplicable to our analysis here because Bonilla's two-year prison sentence indicates that he was convicted of felony sexual battery. CAL. PENAL CODE § 243.4 (West 1998).

7

Unfortunately, the record does not tell us which subsection of § 243.4 applies to Bonilla's conviction. The PSR contains facts pertaining to Bonilla's alleged conduct in committing the underlying offense. We will not consider these facts, however, because they are not explicit findings of the California court made or used in adjudicating Bonilla's guilt. *Garza-Lopez*, 410 F.3d at 274 ("[U]nder *Shepard*, a district court is not permitted to rely on a PSR's characterization of a defendant's prior offense for enhancement purposes."). Moreover, the record contains no other documents——such as an indictment, information, plea agreement, or transcript of the plea colloquy from California——that we may rely on to determine whether Bonilla's conviction constituted a crime of violence.

In *United States v. Martinez-Paramo*, we were presented with a similar predicament. 380 F.3d 799 (5th Cir. 2004). In that case, Martinez-Paramo appealed a § 2L1.2 enhancement for a prior crime of violence. The relevant Pennsylvania "terroristic threats" statute consisted of three distinct subsections, but the record did not reflect which subsection applied to Martinez-Paramo's conviction. *Id.* at 802. We concluded that without any reliable indication in the record of which precise offense Martinez-Paramo pleaded guilty to, we could not determine whether his conviction warranted the crime-of-violence enhancement. *Id.* at 805. Consequently, we vacated and remanded to the district

8

court for inclusion of the charging documents into the record, and for resentencing. *Id.* at 803, 805-06.

Likewise, on the record before us, we cannot identify with legal certainty which portion of the sexual battery statute Bonilla was convicted under. We are therefore unable to determine whether his crime-of-violence enhancement is sustainable; that is, whether Bonilla's conviction required proof of the use of force, or whether it can be categorized as a forcible sex offense under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Accordingly, we remand to the district court for supplementation of the record.[6]

*C.*

On remand, the district court should order the Government to supplement the record with documents that might establish which elements Bonilla pleaded guilty to. *See Martinez-Paramo*, 380 F.3d at 805-06; *see also United States v. Turner*, 305 F.3d 349 (5th Cir. 2002) (remanding for resentencing where the court could not determine whether the defendant's prior offense was a crime of violence because the charging document was not in the record). Once the record has been supplemented, the district court should

---

[6]Bonilla also argues in supplemental briefing that the district court erred by mandatorily applying the Guidelines, which the Supreme Court held to be merely advisory in *United States v. Booker*, 125 S.Ct. 738 (2005). Because we vacate Bonilla's sentence and remand on other grounds, it is unnecessary to decide this issue. *Alfaro*, 408 F.3d at 210 n.2.

9

reconsider whether a sixteen-level sentence enhancement for a crime of violence is warranted. *See id.* In making this determination, the court will no longer be bound by the Guidelines. It must nonetheless consider the applicable offense category and sentence range under the Guidelines and our caselaw, and should clearly state its reasons for the sentence it ultimately assesses.

## III. CONCLUSION

Accordingly, we VACATE Bonilla's sentence and REMAND for resentencing consistent with this opinion.

VACATED and REMANDED.