United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
for the Fifth Circuit**

_____

No. 04-40447
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAVIER RAYA-ROMERO,
also known as Jose Raya-Romero,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

(7:03-CR-1108-1)

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

On January 2, 2004, Javier Raya-Romero ("Raya-Romero") pled guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b). He was subsequently sentenced to a term of forty-six months in prison, based in part on a sixteen-level enhancement for a prior sex offense conviction[1] under California

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]The prior sex offense conviction consisted of two counts of conviction, both arising out of the same incident, as discussed

1

state law. He now appeals the judgment of the district court, arguing (1) that the "felony" and "aggravated felony" provisions in 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional, and (2) that the district court misapplied the federal sentencing guidelines and erred by finding that his prior sex offense conviction was a "crime of violence" under § 2L1.2(b)(1)(A)(ii) of the U.S. Sentencing Guidelines Manual ("U.S.S.G."). For the reasons stated below, we affirm Raya-Romero's conviction, vacate his sentence, and remand for resentencing.

## I.

Raya-Romero makes two arguments on appeal, one challenging his conviction and the other challenging his sentence. He concedes that the first must fail, and we find in his favor with respect to the second because of the Government's concessions.

## A.

First, Raya-Romero argues that the "felony" and "aggravated felony" provisions in 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional and that therefore his conviction cannot stand. He acknowledges that existing Supreme Court precedent, namely *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), forecloses this argument, but he contends that the precedent has been called into doubt by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and he raises the issue to preserve it for Supreme Court review. *Apprendi*

below.

did not overrule the Supreme Court's decision in *Almendarez-Torres*, and we must follow that precedent "'unless and until the Supreme Court itself decides to overrule it.'" *United States v. Bonilla-Mungia*, 422 F.3d 316, 318-19 (5th Cir. 2005) (quoting *Hopwood v. Texas*, 84 F.3d 720, 722 (5th Cir. 1996)). Thus, Raya-Romero's constitutional challenge must fail, and we affirm his conviction.[2]

### B.

Second, Raya-Romero argues that the district court misapplied the federal sentencing guidelines and erred by finding that his prior sex offense conviction was a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Government concedes (1) that the record does not support the district court's finding that the prior sex offense conviction was a crime of violence, (2) that the

---

[2]In conjunction with his *Almendarez-Torres* challenge, Raya-Romero also makes what amounts to a *Booker* challenge to his sentence. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) was decided after the briefs in this case were submitted, but Raya-Romero relies on *Booker*'s predecessor, *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), for the rule that was eventually established in the later case. He contends that if the Supreme Court were to overrule *Almendarez-Torres* and to extend *Blakely* to the federal sentencing guidelines context, which it did in *Booker*, 125 S. Ct. at 746, his sentence enhancement, which was based on the factual existence of a prior conviction that was not found by a jury beyond a reasonable doubt or admitted by him, could not be upheld. But prior convictions are the exception in the *Booker* rule. *Id.* at 756 ("Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." (emphasis added)). This challenge too must fail.

district court committed plain error by making such a finding, and (3) that Raya-Romero's sentence should be set aside and the case remanded for resentencing. We disagree that plain error is the correct standard of review,[3] but in light of the Government's concessions, we agree that Raya-Romero's sentence should be vacated and the case remanded for resentencing.

U.S.S.G. § 2L1.2(b)(1)(A)(ii) provides for a sixteen-level enhancement of a defendant's offense level "[i]f the defendant previously was deported, or unlawfully remained in the United States, after[] a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2003).[4] The commentary to that section states,

> "Crime of violence" means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible

---

[3]The record demonstrates that in objecting to the characterization of his prior sex offense conviction as a crime of violence, Raya-Romero cited cases concerning U.S.S.G. § 4B1.2 instead of U.S.S.G. § 2L1.2, the guideline at issue in this case. However, the record also demonstrates that Raya-Romero generally objected at sentencing to the sixteen-level enhancement recommended by the presentence report ("PSR"), and the PSR cited the correct section of the sentencing guidelines when recommending that enhancement. On these facts, we cannot say that Raya-Romero failed to preserve the enhancement issue for review. *See United States v. Ocana*, 204 F.3d 585, 589 (5th Cir. 2000). The district court was alerted to Raya-Romero's objection to the sixteen-level enhancement, and it was clear from the PSR which section of the sentencing guidelines was applicable. *See id.* Moreover, Raya-Romero did not argue that U.S.S.G. § 4B1.2 was the applicable provision in his case; he merely cited cases involving that section for the proposition that his prior sex offense conviction was not a crime of violence.

[4]The district court used the 2003 edition of the U.S. Sentencing Guidelines Manual in sentencing Raya-Romero.

4

> sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2(b)(1)(A)(ii), cmt. 1(B)(iii). Raya-Romero was previously convicted of "oral copulation, victim unconscious" and "sexual penetration, victim unconscious" under sections 288a(f) and 289(d) of the California Penal Code, each of which can be committed in one of four ways.[5] He contends that neither offense has as an element the use, attempted use, or threatened use of physical force against the person of another, nor is either offense a forcible sex offense. We do not decide those questions here. The Government concedes that the record does not support the district court's crime of violence finding;[6] therefore, we vacate Raya-Romero's

---

[5]"Oral copulation, victim unconscious" and "sexual penetration, victim unconscious" can both be committed if the victim meets one of the following conditions:
    (1) Was unconscious or asleep.
    (2) Was not aware, knowing, perceiving, or cognizant that the act occurred.
    (3) Was not aware, knowing, perceiving, or cognizant of the essential characteristics of the act due to the perpetrator's fraud in fact.
    (4) Was not aware, knowing, perceiving, or cognizant of the essential characteristics of the act due to the perpetrator's fraudulent representation that the oral copulation served a professional purpose when it served no professional purpose.
CAL. PENAL CODE §§ 288a(f), 289(d) (West 2001).

[6]We note for the district court's benefit that even if the Government had not conceded this point, remand would be appropriate per *Bonilla-Mungia*, 422 F.3d 316. The record on appeal simply does not contain documents upon which this Court could rely to determine whether Raya-Romero's conviction was a

sentence and remand for resentencing.[7]

## II.

For the foregoing reasons, Raya-Romero's conviction is AFFIRMED; his sentence is VACATED; and this matter is REMANDED for resentencing in accordance with this opinion.

---

crime of violence. *Id*. at 319-21; *see also United States v. Gonzalez-Chavez*, ___ F.3d ___, No. 04-40173, 2005 WL 3196524, at *1-*2 (5th Cir. Nov. 30, 2005).

[7]Raya-Romero argues in supplemental briefing that the district court erred under *Booker* by applying the federal sentencing guidelines in a mandatory fashion. Because we vacate Raya-Romero's sentence and remand for resentencing, we need not address that issue here. *Bonilla-Mungia*, 422 F.3d at 321 n.6; *United States v. Alfaro*, 408 F.3d 204, 210 n.2 (5th Cir. 2005). On remand, the district court will not be bound by the guidelines, but "must still carefully consider [them]" in sentencing the defendant; *Booker*, 543 U.S. at____, 125 S. Ct. at 764-65; *Alfaro*, 408 F.3d at 210 n.2; *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). And if appealed, the resulting sentence will be reviewed for "unreasonableness" only. *Booker*, 543 U.S. at ____, 125 S. Ct. at 765; *Alfaro*, 408 F.3d at 210 n.2; *Mares*, 402 F.3d at 518.