United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2005

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-51111

UNITED STATES OF AMERICA,

Petitioner-Appellant,

versus

ARCENIO CUELLAR-CUELLAR,

Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1195-ALL

Before BENAVIDES, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Arcenio Cuellar-Cuellar appeals his sentence following his guilty-plea conviction for being

unlawfully present in the United States after deportation. Finding no reversible error, we affirm.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Arcenio Cuellar-Cuellar ("Cuellar") pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326.[1] Prior to entry of his plea, the Government filed notice of its intent to seek enhanced penalties under 8 U.S.C. § 1326(b)(2). Cuellar objected to the notice of penalty enhancement arguing that, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the fact of a prior aggravated felony must be alleged in the indictment and proven beyond a reasonable doubt. The district court overruled the objection, accepted the guilty plea, and ordered a presentence investigation report ("PSR").

The PSR assessed a base offense level of eight pursuant to U.S.S.G. § 2L1.2(a). The PSR added an additional sixteen levels pursuant to § 2L1.2(b)(1)(A) based on Cuellar's prior aggravated felony conviction for attempted sexual abuse. After a three-level reduction for acceptance of responsibility, Cuellar's total offense level was twenty-one and the applicable sentencing range was thirty-seven to forty-six months. U.S.S.G. app. ch. 5, pt. A.

Cuellar objected to the sixteen level enhancement, asserting that his prior conviction should not be considered because there was no proof that he had been represented by counsel during the plea proceeding. He argued that the Government must prove that he was represented by counsel or that he voluntarily and knowingly waived his right to counsel. The Government presented a "certificate of disposition," which showed Cuellar had been convicted and sentenced, and a copy of a notice of appearance form which showed that, approximately six months before entry of the guilty plea, Cuellar's retained counsel was present in court. Cuellar argued that this evidence was insufficient to

---

[1] This section provides for the fine and/or imprisonment of an alien who, after having been deported or removed from the United States, re-enters without the prior and express consent of the Attorney General.

prove he was represented by counsel when he pleaded guilty. The district court overruled his objection and concluded that it was "satisfied, based upon the information presented, that [Cuellar] was represented by counsel by virtue of the Notice of Appearance."

Cuellar was sentenced to thirty-seven months of imprisonment and three years of supervised release. He appeals this sentence, asserting that the district court erred by finding that he had been represented by counsel when he pleaded guilty and that his sentence should be vacated and remanded because the district court sentenced him under a mandatory guidelines system. Cuellar also challenges as unconstitutional the application of 8 U.S.C. §1326(b) penalty enhancement provisions.

## II. DISCUSSION

### A. Sentence Enhancement

Cuellar first argues that the district court erred in finding, by a preponderance of evidence, that Cuellar had been represented by counsel during his prior conviction because this finding went beyond the fact of his prior conviction. Citing *United States v. Booker*, 125 S. Ct. 738 (2005), Cuellar argues that the district court's finding that he was represented by an attorney at his prior conviction violated his Sixth Amendment rights because it increased the applicable penalty range beyond the maximum that could be imposed solely on the basis of facts admitted by him or found by a jury beyond a reasonable doubt. He asserts that the district court erred in raising the applicable guideline range based on facts it found by a preponderance of the evidence. Cuellar also argues that his sentence should be vacated because it was imposed pursuant to a mandatory application of the sentencing guidelines.

Cuellar's challenge to the increase in his guidelines range based on a fact found by a preponderance of evidence, and his challenge to the imposition of sentence pursuant to mandatory

3

guidelines, are assertions that his Sixth Amendment constitutional rights have been violated. We assume arguendo that *Booker* applies to the district court's determination that Cuellar's prior conviction was counseled. Nevertheless, Cuellar concedes that he did not raise a constitutional objection to his sentence before the district court; therefore, we review for plain error. *See United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005), *cert. denied*, *Mares v. United States*, --- S.Ct. ----, 2005 WL 816208 (U.S. Oct. 3, 2005).

"An appellate court may not correct an error the defendant failed to raise in the district court unless there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* at 520 (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)). "'If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Mares*, 402 F.3d at 520.

Under plain error analysis of error in the imposition of an enhanced sentence pursuant to mandatory guidelines, the defendant must establish that he would have received a lesser sentence under an advisory guideline scheme. *Id.* at 521. If the record offers no suggestion that the court would give a lesser sentence, the defendant does not carry his burden. *Id.* at 522; *see also United States v. Valenzuela-Quevedo*, 407 F.3d 728, 733 (5th Cir. Apr. 25, 2005) ("[A] review of the record does not support the contention that the district judge would have imposed a different sentence."). Thus, where the error was the use of post-conviction enhancement to reach a sentence under mandatory guidelines, the dispositive question is "[whether] the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." *Mares*, 402 F.3d at 521.

4

We agree with Cuellar that the district court committed an error that was plain by sentencing Cuellar via mandatory application of the sentencing guidelines. *See Valenzuela-Quevedo*, 407 F.3d at 733 ("It is clear after *Booker* that application of the [g]uidelines in their mandatory form constitutes error that is plain."); *Mares*, 402 F.3d at 520-21. But because there is nothing in the instant record to indicate that the district court would have imposed a different sentence under an advisory guidelines system, we conclude that this error did not affect Cuellar's substantial rights. *Mares*, 402 F.3d at 522 (finding that, where "there is no indication in the record from the sentencing judge's remarks or otherwise that gives us any clue as to whether she would have reached a different conclusion," the defendant could not carry his burden to show sufficient probability that, absent this error, the outcome would have been different).

B. Constitutionality of 8 U.S.C. § 1326(b)

Cuellar was charged with and pleaded guilty to illegal re-entry after removal, in violation of 8 U.S.C. § 1326. He argues that 8 U.S.C. § 1326(a) provides a two year maximum term of imprisonment for this offense and that § 1326 (b)(2), which increases the maximum penalty to twenty years if the deportation occurred after an aggravated felony conviction, defines a separate offense.[2] According to Cuellar, the indictment charged only a violation of § 1326(a) because it did not allege a prior felony conviction and, therefore, his sentence violates his right to due process because it exceeds the § 1326 (a) two year maximum. Citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), Cuellar argues that the § 1326 (b) enhancement violates the general principle that facts that

---

[2] Subsections (b)(1) and (b)(2) of 8 U.S.C. § 1326 increase the maximum term of imprisonment from two years as provided in § 1326(a) to ten and twenty years, respectively, if deportation occurred after the alien had been convicted of a certain kind or number of offenses.

5

increase the maximum sentence must be treated as elements and proved to a jury beyond a reasonable doubt.

In *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), the Supreme Court concluded that § 1326 (b) "is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime. Consequently, neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment." This court has recently reiterated that *Apprendi* did not overrule *Almendarez-Torres*. *See United States v. Bonilla-Mungia*, No. 03-41751, 422 F.3d 316, 318 (5th Cir. 2005) (upholding the constitutionality of the felony and aggravated felony provisions of § 1326(b) in response to the argument that *Apprendi* cast doubt upon *Almendarez-Torres*).

Application of the § 1326(b) enhancement required a determination that Cuellar had a prior felony or aggravated felony conviction. Cuellar asserts that, because this fact increased the maximum sentence that could be imposed from two years to twenty years, *Apprendi* requires that it be treated as an element and proved beyond a reasonable doubt. In essence, Cuellar's contention is that the Government should have the burden to prove his prior conviction beyond a reasonable doubt.[3]

Cuellar concedes that his challenge to the constitutionality of § 1326(b)(2) is foreclosed by *Almendarez-Torres*.[4] Nevertheless, he asserts that he seeks to preserve his § 1326(b) argument

---

[3] Federal courts of appeals often have allocated to defendants the full burden of proving a claim that an invalid guilty plea renders a prior conviction unavailable for purposes of calculating criminal history under the Sentencing Guidelines and of proving a constitutional challenge to a prior conviction used for sentence enhancement. *Parke v. Raley*, 506 U.S. 20, 33(1992).

[4] Cuellar has not presented a Sixth Amendment challenge to the standard of proof used to apply the § 1326(b) enhancement. We note that the *Almendarez-Torres* Court concluded the majority opinion with the following paragraph:

because of doubts cast on *Almendarez-Torres* by *Apprendi*. As we noted in *United States v. Mancia-Perez*, 331 F.3d 464, 470 (5th Cir. 2003) and *Bonilla-Mungia*, 422 F.3d at 318, *Apprendi* did not overrule *Almendarez-Torres*. *See also Apprendi*, 530 U.S. at 489-90. Neither *Apprendi* nor its progeny thus far has overruled *Almendarez-Torres*. This court must follow the precedent set in *Almendarez-Torres* "unless and until the Supreme Court itself determines to overrule it." *United States v. Mancia-Perez*, 331 F.3d 464, 470 (5th Cir. 2003) (quotation marks and citation omitted).

Moreover, Cuellar has omitted from his argument the prior conviction exception to *Apprendi*'s general rule. The general principle stated in *Apprendi* is that, *"[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis supplied). Thus, Cuellar's reliance upon *Apprendi* as support for his contention that the 8 U.S.C. § 1326(b) prior felony conviction enhancement violates *Apprendi*'s general principle is gravely misplaced.

---

> We mention one final point. Petitioner makes no separate, subsidiary, standard of proof claims with respect to his sentencing, perhaps because he admitted his recidivism at the time he pleaded guilty and would therefore find it difficult to show that the standard of proof could have made a difference to his case. Accordingly, we express no view on whether some heightened standard of proof might apply to sentencing determinations that bear significantly on the severity of sentence.

*Almendarez-Torres*, 523 U.S. at 247-248 (citation omitted). In support of his *Booker* challenge to the federal sentencing guidelines, Cuellar argues that it was a due process violation for the district court to apply a prepo nderance standard in making the factual finding that he had counsel for the guilty plea in his prior proceeding, that he did not admit this fact, and that this finding went beyond the fact of his prior conviction. Nevertheless, Cuellar neither argues that he did not admit the fact of his conviction, nor asserts that the § 1326(b) enhancement violates his Sixth Amendment rights. In light of Cuellar's concession that *Almendarez-Torres* forecloses his § 1326(b) argument, we assume without deciding that the circumstances of the case at bar are not among those about which *Almendarez-Torres* expressed no view.

7

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.