United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 25, 2006**

Charles R. Fulbruge III
Clerk

REVISED JANUARY 26, 2006
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10353
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN ALVAREZ GARCIA, also known as Jairo Camacho, also
known as Juan Valle Garcia, also known as Benjamin Albert
Garcia,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-150-ALL-A
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Benjamin Alvarez Garcia (Garcia) appeals from the sentence

imposed following his guilty-plea conviction for illegal entry

after having been deported, in violation of 8 U.S.C. § 1326.

Garcia contends that the district court erred when it sentenced

him based on a prior conviction for delivering cocaine, as an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravated-felony offense that warranted a 16-level offense level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i)(2004).

The record indicates that no document was provided to the district court to support the probation department's characterization of Garcia's prior drug offense as a felony that warranted this enhancement. Thus, this court has no such document before it in order to determine whether the district court erred when it enhanced Garcia's sentence. See Shepard v. United States, 125 S. Ct. 1254, 1257 (2005); United States v. Garza-Lopez, 410 F.3d 268, 273-74 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005) (citation omitted).

The only support for the enhancement is the assertions that are set forth in the presentence report (PSR). For enhancement purposes, a district court may not rely solely on the PSR's characterization of the offense. See Garza-Lopez, 410 F.3d at 274. There must be a "charging document, written plea agreement, transcript of plea colloquy, [or an] explicit factual finding by the trial judge to which the defendant assented." Shepard, 125 S. Ct. at 1257. As shown by Shepard, 125 S. Ct. at 1257, 1259-61, and Garza-Lopez, 410 F.3d at 273-75, the district court erred when it determined that Garcia's prior drug conviction warranted the U.S.S.G. § 2L1.2((b)(1)(A)(I) enhancement.

Garcia also contends that the treatment of felonies and aggravated felonies as sentencing factors under § 1326(b)(1) and (2) is unconstitutional in light of Apprendi v. New Jersey, 530

U.S. 466 (2000), and that he should be resentenced subject to the two-year maximum set forth in § 1326(a).

Garcia's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Garcia contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See Garza-Lopez, 410 F.3d at 276. Garcia properly concedes that Almendarez-Torres has not been overruled.

We therefore VACATE Garcia's sentence and REMAND for resentencing. "On remand, the district court should order the Government to supplement the record with documents that might establish which elements [of the prior conviction Garcia] pleaded guilty to." United States v. Bonilla-Mungia, 422 F.3d 316, 321 (5th Cir. 2005). Then the district court should reconsider whether a 16-level sentence enhancement is warranted. Id. at 322.

VACATED AND REMANDED.