United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-41592
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

ALLAN ROBERTO RIVERA-GARCIA,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(5:04-CR-1081-ALL)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Allan Roberto Rivera-Garcia appeals his
guilty-plea conviction and sentence for being found in the United
States, without permission, following removal.  See 8 U.S.C.
§ 1326(a),(b).  Rivera-Garcia asserts that the sentencing
provisions in 8 U.S.C. § 1326(b) are unconstitutional on their face
and as applied in his case.  This constitutional challenge is
foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235
(1998).  Although Rivera-Garcia contends that Almendarez-Torres was

———————————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Rivera-Garcia candidly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, raising it here solely to preserve it for further review. We affirm Rivera-Garcia's conviction.

Rivera-Garcia also insists that the district court committed reversible error when it sentenced him pursuant to the mandatory scheme United States Sentencing Guidelines (U.S.S.G.) that was ultimately held unconstitutional in United States v. Booker, 543 U.S. 220 (2005). In sentencing Rivera-Garcia under a mandatory guidelines regime, the district court committed error that we refer to as Fanfan error. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). The government concedes that Rivera-Garcia preserved his Fanfan claim for appellate review. To prevail, the government must prove that the Fanfan error in this case was harmless beyond a reasonable doubt. The government has not sustained this burden. See id. at 463-64. We are constrained to vacate Rivera-Garcia's sentence and remand the case for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.

2