**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Pablo MORENO–MORA, Defendant–Appellant.**

No. 05–40267.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided March 1, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM: *

Pablo Moreno–Mora (Moreno) appeals his conviction and sentence for unlawful reentry in violation of 8 U.S.C. § 1326. Moreno first argues that the district court erred by imposing a 16–level enhancement pursuant to U.S.S.G. § 2L1.2 for a prior Maryland conviction for a crime of violence.

The record contains no indication of which section of the Maryland statute was applied to Moreno. Accordingly, we cannot determine whether the enhancement was proper. The Government's contention that the offense is established by the Presentence Report's characterization of the offense as second-degree felony assault is without merit. *See United States v. Garza–Lopez,* 410 F.3d 268, 274 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Accordingly, we vacate the sentence and remand for resentencing in accordance with the procedure set forth in *United States v. Bonilla–Mungia,* 422 F.3d 316, 321–22 (5th Cir.2005). We do not reach Moreno's alternative argument that the sentence was unreasonable under 18 U.S.C. § 3553(a).

With respect to Moreno's contention that the district court erred in ordering, as a condition of supervised release, that he cooperate with the probation officer in the collection of DNA, his claim is not ripe for judicial review in light of our holding in *United States v. Carmichael,* 343 F.3d 756, 758 (5th Cir.2003), *cert. denied,* 540 U.S. 1136, 124 S.Ct. 1116, 157 L.Ed.2d 943 (2004). We reject Moreno's contention that *Carmichael* is distinguishable. *See United States v. Riascos–Cuenu,* 428 F.3d 1100, 1102 (5th Cir.2005), *petition for cert. filed,* (Jan. 9, 2006) (No. 05–8662). Accordingly, we dismiss this portion of the appeal for lack of jurisdiction.

---

Moreno's constitutional challenge to § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Moreno contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See Garza–Lopez,* 410 F.3d at 276. Moreno properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION; SENTENCE VACATED AND REMANDED FOR RESENTENCING.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.