United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-41065
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE MANUEL GRADILLA-GONZALEZ,

Defendant-Appellant.

---
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-214-ALL
---

Before KING, WIENER, and DeMOSS, Circuit Judges

PER CURIAM:[*]

Jorge Manuel Gradilla-Gonzalez (Gradilla) appeals his conviction and sentence for illegal reentry. Gradilla challenges the constitutionality of 8 U.S.C. § 1326(b)(1), (2). That issue, however, is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Gradilla contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Gradilla properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.  His conviction is therefore affirmed.

Gradilla additionally argues for the first time on appeal that the district court plainly erred when it imposed an eight-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C) (2004). He contends that the district court erroneously classified his state drug conviction as an "aggravated felony," arguing that the text of the statute of conviction, CAL. HEALTH & SAFETY CODE § 11352(a), is so broad that it covers offenses that are not punishable under the Controlled Substances Act.

To classify a prior conviction for purposes of § 2L1.2, a court may look to both the statutory definition of the offense, as well as the charging document, any written plea agreement, transcript of the plea colloquy, and explicit finding admitted by the defendant.  <u>See</u> <u>United States v. Bonilla-Mungia</u>, 422 F.3d 316, 320 (5th Cir. 2005); <u>United States v. Gutierrez-Ramirez</u>, 405 F.3d 352, 359 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 217 (2005). Although Gradilla suggests that there are no state pleadings that could have been introduced into evidence, he purported to quote his indictment in his objections to the original presentence

report.  The indictment, however, was never made part of the record.  Consequently, we cannot, on the record before us, resolve the issue raised with legal certainty.  See id. at 321.

Gradilla's sentence is therefore vacated and the case remanded to the district court.  On remand, the district court should order that the record be supplemented with the charging document and any other documents that might establish the elements to which Gradilla pleaded nolo contendere.  Once the record has been supplemented, the district court should reconsider whether an eight-level enhancement for an aggravated felony is warranted.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.