United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41832
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE BONILLA-MUNGIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-431-ALL
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Bonilla-Mungia (Bonilla) again appeals his guilty plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. In a prior opinion, we rejected as foreclosed Bonilla's claim that the felony and aggravated felony provisions contained in 8 U.S.C. §§ 1326(a) and (b) are unconstitutional. <u>Bonilla</u>, 422 F.3d at 318-19 (citing <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998)). We also rejected the Government's argument that Bonilla had waived his objections to his crime of violence enhancement, and,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

after reviewing for plain error, we vacated Bonilla's sentence and remanded the case to the district court for re-sentencing. Id. at 319-22.  The district court re-sentenced Bonilla, and this appeal followed.

Bonilla again challenges the constitutionality of § 1326(b)'s treatment of prior felony convictions as sentencing factors, but he concedes that this claim is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Neither party argues the effect of the previous panel's decision, but this court explicitly addressed this argument and held that the claim was foreclosed by Almendarez-Torres.  See Bonilla, 422 F.3d at 318-19.  Therefore, we should first consider whether under the doctrine of the law of the case, Bonilla's claim should be heard a second time.  See United States v. Becerra, 155 F.3d 740, 752-753 (5th Cir. 1998).

The law of the case doctrine generally instructs that "a prior decision of this court will be followed without re-examination . . . unless (i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice."  Becerra, 155 F.3d at 752-53 (internal quotation marks and citation omitted).

In this case, the previous panel squarely and explicitly reached the issue that Bonilla now attempts to raise anew.

Bonilla, 422 F.3d at 318-19.  None of the exceptions to the law of the case doctrine are applicable to this case, and application of the doctrine here would further the policy goals the doctrine is generally meant to achieve.  See Becerra, 155 F.3d at 752-53. Accordingly, we decline to reconsider this court's prior holding under the doctrine of the law of the case.

The judgment of the district court is AFFIRMED.