United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 9, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-50829
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

JESUS DANIEL TRUJILLO,
also known as Joseph A. Morales,
also known as Edward Baca,
also known as Daniel Jesus Trujillo,

Defendant-

Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-2664-ALL
-------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

    Jesus Daniel Trujillo was convicted of one charge of attempted illegal reentry into the United

States and sentenced to serve 80 months in prison and a three-year term of supervised release.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Trujillo appeals his conviction and sentence. Trujillo argues that the district court erred by denying his motion to dismiss the indictment and to suppress the evidence concerning his prior removal proceedings. The record reflects that Trujillo received all of the process that he was due in his previous removal proceedings. *See United States v. Benitez-Villafuerte*, 186 F.3d 651, 656-57 (5th Cir. 1999). Trujillo has shown no error in the district court's denial of his untimely motion. *See* FED. R. CRIM. P. 12(b)(3)(B),(C).

Trujillo challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He concomitantly argues that his plea was involuntary because he was misadvised concerning the potential range of punishment for his offense. These arguments are unavailing. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).

Trujillo contends that the district court erred by adjusting his base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because the Government failed to prove that his prior removal was subsequent to a qualifying felony conviction. The sentencing transcript shows that the Government adduced documentary evidence pertaining to Trujillo's previous conviction, but that evidence is not in the record on appeal. The documentation is necessary to review this claim. Because Trujillo has failed to include the documentation in the record in appeal, we decline to consider this claim. *See United States v. Coveney*, 995 F.2d 578, 587 (5th Cir. 1993).

Finally, Trujillo filed a supplemental brief in which he raises a claim that the district court erred when calculating his criminal history score. This claim was not raised in Trujillo's opening brief, and we did not request that Trujillo brief it. We thus decline to consider it. *See United States*

*v. Bonilla-Mungia*, 422 F.3d 316, 319 (5th Cir.), *cert. denied*, 126 S. Ct. 819 (2005).  The judgment

of the district court is AFFIRMED.