# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 31, 2008

Charles R. Fulbruge III
Clerk

No. 07-51336
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALFREDO GUTIERREZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-411-4

Before SMITH, GARZA, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alfredo Gutierrez pled guilty to conspiracy to possess with intent to distribute 100 kilograms or more of marijuana and possession with intent to distribute 100 kilograms or more of marijuana. Pursuant to U.S.S.G. § 4B1.1, the career offender provision, the district court sentenced Gutierrez to 262 months in prison, based in part on a previous New Mexico guilty plea conviction for distribution of marijuana by possession with intent to distribute. On appeal, Gutierrez asserts that the district court erred in sentencing him as a career

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offender because neither his New Mexico conviction nor his instant conviction qualifies as a "controlled substance offense."

A defendant can be classified as a career offender if (1) he was at least 18 years old at the time of the commission of the instant offense; (2) the instant offense is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions that were either crimes of violence or controlled substance offenses. U.S.S.G § 4B1.1(a). Section 4B1.2(b) of the Guidelines defines a "controlled substance offense" as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

The New Mexico statute at issue provides in relevant part, "[e]xcept as authorized by the Controlled Substances Act, it is unlawful for a person to intentionally distribute or possess with intent to distribute a controlled substance or a controlled substance analog. . . ." N.M. Stat. Ann. § 30-31-22(A) (1978). Gutierrez specifically argues that the statute is overly broad because it prohibits "controlled substance analogs," which are not mentioned in the Guidelines' definition of a controlled substance. A de novo review, see United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir. 2006), reveals that Gutierrez's argument is without merit.

Under the categorical approach set forth in Taylor v. United States, 495 U.S. 575, 602 (1990), a district court must look to the elements of a prior offense, rather than to the facts underlying the conviction, when classifying a prior offense for sentence enhancement purposes. United States v. Garza-Lopez, 410 F.3d 268, 273-74 (5th Cir. 2005). However, "[i]f a statute contains multiple, disjunctive subsections, courts may look beyond the statute to certain conclusive records made or used in adjudicating guilt in order to determine which

particular statutory alternative applies to the defendant's conviction." United States v. Bonilla-Mungia, 422 F.3d 316, 320 (5th Cir. 2005) (internal quotation marks omitted). We have held that determining whether a "drug trafficking offense" occurred categorically falls within the "range of cases where the court may consider information other than the statutory definition of the offense." Garza-Lopez, 410 F.3d at 273. We also must treat the determination of whether a "controlled substance offense" occurred in the same manner, since the Guidelines' definition for "drug trafficking offense" is identical to the Guidelines' definition for "controlled substance offense." See United States v. Ford, 509 F.3d 714, 718 n.2 (5th Cir. 2007) (comparing "controlled substance offense" under U.S.S.G. § 4B1.2(b) cmt. n.1 and "drug trafficking offense" under U.S.S.G. § 2L1.2 cmt. n. 1(B)(iv)), cert. denied, 129 S. Ct 44 (2008).

Therefore, in this case, the district court was free to consider the statutory definition of the offense, the charging paper, jury instructions, the written plea agreement, the guilty-plea transcript, and factual findings by the trial judge to which the defendant assented. Bonilla-Mungia, 422 F.3d at 320. The district court was not permitted, however, to rely on the PSR's characterization of the offense for enhancement purposes. See Garza-Lopez, 410 F.3d at 274.

This court need not determine whether the prohibition of "controlled substance analogs" makes the New Mexico statute overly broad because Gutierrez was charged in the state court indictment with conduct that actually falls within the definition of a controlled substance offense as that term is defined in § 4B1.2 of the Guidelines. The indictment charged Gutierrez with "knowingly and intentionally transfer[ring], caus[ing] the transfer, attempt[ing] to transfer or possess[ing] with intent to transfer marijuana." According to the judgment of conviction, Gutierrez pled guilty to the offense of distribution of marijuana by possession with intent to distribute, a fourth degree felony. The language of both the indictment and the judgment clearly indicates that Gutierrez's conviction involved actual marijuana and not a "controlled substance

analog." Because the conduct described in Gutierrez's state court marijuana indictment and judgment of conviction is equivalent to the offense of possession of a controlled substance with intent to distribute, the district court did not err in enhancing Gutierrez's offense level under § 4B1.1(a). See Ford, 509 F.3d at 717.

Gutierrez argues for the first time that the district court erred in relying exclusively on the statutory definition and the judgment of conviction to determine whether his New Mexico conviction was a "controlled substance offense." He asserts that the district court was required to examine the charging document and the jury instructions before making a decision. As we have noted, under the modified categorical approach, the district court was permitted to look beyond the elements of the offense and consider other conclusive documents such as the charging paper, jury instructions, the written plea agreement, the guilty-plea transcript, and factual findings by the trial judge to which the defendant assented. See Bonilla-Mungia, 422 F.3d at 320. However, there is no requirement that the district court must review all of these alternative documents or must specifically review the charging instrument and the jury instructions. Here, the district court properly considered the judgment of conviction, which expressly states that Gutierrez pled guilty to distribution of marijuana by possession with intent to distribute, and the statutory definition of the offense to conclude that Gutierrez's prior New Mexico conviction qualified as a controlled substance offense. See id.

In addition, Gutierrez argues for the first time that his instant conviction for conspiracy to possess with intent to distribute 100 kilograms or more of marijuana does not qualify as a "controlled substance offense" under the Guidelines because conspiracy is an inchoate crime. However, a "controlled substance offense" includes the offenses of aiding and abetting, conspiring, and attempting to commit such offenses. U.S.S.G. § 4B1.2(b), cmt. n.1. Accordingly, the district court did not commit error, plain or otherwise, in sentencing

Gutierrez as a career offender.  United States v. Baker, 538 F.3d 324, 332 (5th Cir. 2008), petition for cert. filed (Dec. 2, 2008) (No. 08-7559).

AFFIRMED.