# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 21, 2011

Lyle W. Cayce
Clerk

No. 10-50908
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SILVESTRE SANDOVAL-CAMPOS, also known as Silvestre Javier Sandoval-Campos,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-902-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Silvestre Sandoval-Campos appeals the sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. As Sandoval-Campos concedes, plain error review is proper for all the issues he raises on appeal because he did not raise any objections to the presentence report (PSR) or his sentence in the district court. To show plain error, he must show a forfeited error that is clear or obvious and that affects his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1429.

Section 2L1.2(b)(1)(A)(i) of the United States Sentencing Guidelines provides for a 16-level increase to a defendant's offense level if he was deported following a felony conviction for "a drug trafficking offense for which the sentence imposed exceeded 13 months." Sandoval-Campos states that the PSR "is absent any indication" that any of his three prior Virginia drug convictions "qualify under the Guidelines as a drug trafficking offense." The indictments and the plea agreement for those convictions, however, were attached to the PSR, and those documents make clear that Sandoval-Campos was convicted under Virginia Code Annotated § 18.2-248(A) (2006) of two counts of distribution of methamphetamine and one count of distribution of cocaine. His prior convictions therefore constituted drug trafficking offenses for purposes of § 2L1.2(b)(1)(A)(i). *See* § 2L1.2, comment. (n.1(B)(iv)); *United States v. Rodriguez*, 523 F.3d 519, 524 (5th Cir. 2008); *United States v. Bonilla-Mungia*, 422 F.3d 316, 320 (5th Cir. 2005); *United States v. Garza-Lopez*, 410 F.3d 268, 273-74 (5th Cir. 2005).

Sandoval-Campos also argues that the district court plainly erred in applying the 16-level enhancement because he was sentenced to concurrent terms of five months in prison in connection with his three drug trafficking offenses and therefore, he did not have a sentence that exceeded 13 months as required by § 2L1.2(b)(1)(A)(i). He supports his assertion that his five-month sentences ran concurrently, as opposed to consecutively as found by the probation officer and district court, by pointing to the date of his sentencing for those convictions and the date he was released from prison for the convictions. The Government argues that the district court properly considered the three sentences imposed for the three drug trafficking offenses as a single sentence for

purposes of § 2L1.2(b)(1)(A)(i) and properly found that the sentence exceeded 13 months because, under Virginia law, sentences are presumed to run consecutively.

The Government reads the argument posed by Sandoval-Campos too broadly as Sandoval-Campos does not argue that the district court erred in considering his three sentences as one sentence for purposes of § 2L1.2(b)(1)(A)(i). In addition, although the Government addresses the issue in its brief, Sandoval-Campos has not filed a reply brief challenging the Government's position that the district court did not plainly err in treating the sentences as one sentence. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994); *Stephens v. C.I.T. Group/Equipment Financing, Inc.*, 955 F.2d 1023, 1026 (5th Cir. 1992). Accordingly, because the issue is not briefed by Sandoval-Campos, it is abandoned, and we do not consider it. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir.), *cert. denied*, 123 S. Ct. 158 (2010). Moreover, the issue of whether Sandoval-Campos has a prior sentence that exceeded 13 months and, more specifically, whether his drug trafficking sentences were ordered to run concurrently as opposed to consecutively is a question of fact. "[Q]uestions of fact capable of resolution by the district court can never constitute plain error." *See United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001).

Finally, Sandoval-Campos argues that the district court plainly erred in adding two points to his criminal history score pursuant to U.S.S.G. § 4A1.1(e) based upon the fact that the instant offense was committed less than two years after he was released from prison for one of his prior convictions. He states that § 4A.1.1(e) provides for an increase to a criminal history score if the defendant has a prior conviction for a crime of violence, and he asserts that he does not have a prior conviction for a crime of violence.

Sandoval-Campos's PSR properly applied the 2009 Guidelines, effective November 1, 2009, to calculate his recommended guidelines sentence, not the

2010 Guidelines, effective November 1, 2010, as Sandoval-Campos was sentenced on August 25, 2010. Section 4A1.1(e) of the 2009 Guidelines provided for the addition of recency points to a criminal history score. § 4A1.1(e) (2009). Section 4A.1.1 was amended in 2010 to omit the application of recency points to a criminal history score; however, the amendment is not retroactive to a sentence imposed prior to its effective date, November 1, 2010. *See* U.S.S.G. § 1B1.10(c). Sandoval-Campos has not demonstrated any plain error with respect to the district court's application of recency points to his criminal history score. His sentence is AFFIRMED.