United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
for the Fifth Circuit**

_____

No. 04-40173
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOSE GUADALUPE GONZALEZ-CHAVEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

(5:03-CR-872-ALL)

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

On July 18, 2003, Jose Guadalupe Gonzalez-Chavez ("Gonzalez-Chavez") pled guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and 6 U.S.C. §§ 202 and 557. The district court, adopting in part the presentence report's sentencing recommendations, which included a sixteen-level enhancement for a prior conviction under Florida state law, sentenced Gonzalez-Chavez to a term of fifty-seven months in

1

prison.[1] He now appeals the judgment of the district court, arguing that the district court plainly erred by (1) characterizing his prior conviction under Florida law for aggravated battery as a crime of violence under § 2L1.2 of the U.S. Sentencing Guidelines Manual ("U.S.S.G.") and (2) imposing a sixteen-level enhancement based on that characterization. For the reasons stated below, we vacate Gonzalez-Chavez's sentence and remand for development of the record and re-sentencing.

I.

Gonzalez-Chavez argues that his prior conviction for aggravated battery does not fall within the definition of "crime of violence" as it appears in U.S.S.G. § 2L1.2(b)(1)(A)(ii) and that the district court therefore improperly enhanced his offense level by sixteen levels under that section. Because Gonzalez-Chavez raises this issue for the first time on appeal, we review for plain error. *United States v. Bonilla-Mungia*, 422 F.3d 316, 319 (5th Cir. 2005). When reviewing for plain error, we will find reversible error only if "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *United States v. Gracia-Cantu*, 302 F.3d 308, 310 (5th Cir. 2002) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)). If

---

[1]The district court originally sentenced Gonzalez-Chavez to a term of sixty-six months in prison, but it re-sentenced him after granting his motion to correct sentence. That procedural history is not relevant to this appeal.

these elements are present, "we may exercise our discretion to correct the error only if it 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (alteration in original) (citing *Olano*, 507 U.S. at 732).

U.S.S.G. § 2L1.2(b)(1)(A)(ii) provides for a sixteen-level enhancement of a defendant's offense level "[i]f the defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2002).[2] The commentary to that section defines a "crime of violence" as "an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another," § 2L1.2(b)(1)(A)(ii), cmt. 1(B)(ii)(I), and states that the term "crime of violence" includes "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling," § 2L1.2(b)(1)(A)(ii), cmt. 1(B)(ii)(II). The government does not contend that aggravated battery is an enumerated offense under subpart II of the commentary;[3] thus, the only issue on appeal is

---

[2]The district court used the 2002 edition of the U.S. Sentencing Guidelines Manual in sentencing Gonzalez-Chavez.

[3]This circuit has not yet addressed whether the Florida offense of aggravated battery (or any other state aggravated battery offense, for that matter) might be categorized as "aggravated assault," one of the enumerated crimes of violence,

3

whether, under subpart I of the commentary, the district court properly held that Gonzalez-Chavez's prior conviction has as an element the use, attempted use, or threatened use of physical force against the person of another.

The Fifth Circuit has had several opportunities now to examine the "use of force" requirement in subpart I of the commentary to U.S.S.G. § 2L1.2(b)(1)(A)(ii), and the following is the current method of evaluating whether a prior offense is a crime of violence under that subpart:

> When determining whether a prior offense is a crime of violence because it has as an element the use, attempted use, or threatened use of force, district courts must employ the categorical approach established in *Taylor v. United States*, 495 U.S. 575, 602, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990). *Calderon-Pena*, 383 F.3d [254,] 257-58 [(5th Cir. 2004)]; *see also United States v. Alfaro*, 408 F.3d 204, 208 (5th Cir. 2005); *United States v. Gracia-Cantu*, 302 F.3d 308, 309 (5th Cir. 2002). Under that approach, courts determine the elements to which a defendant pleaded guilty by analyzing the statutory definition of the defense, not the defendant's underlying conduct. *Calderon-Pena*, 383 F.3d at 257 (citing *United States v. Vargas-Duran*, 356 F.3d 598, 606 (5th Cir. 2004) (en banc)). If a statute contains multiple, disjunctive subsections, courts may look beyond the statute to certain "conclusive records made or used in adjudicating guilt" in order to determine which particular statutory alternative applies to the defendant's conviction. *See United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005) (discussing the parameters of our review under *Taylor*). These records are generally limited to the "charging document, written plea agreement, transcript of the plea colloquy, and any

under the commentary to § 2L1.2(b)(1)(A)(ii). Because that issue was not raised by the parties or adequately briefed by them when they were given an opportunity to do so, we decline to address it here. *In re Acosta*, 406 F.3d 367, 375 (5th Cir. 2005).

4

explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, ___ U.S. ___, 125 S. Ct. 1254, 1257, 161 L. Ed. 2d 205 (2005).

Thus, to decide whether the district court's crime-of-violence enhancement was proper, we must answer the following questions: First what particular offense was [the defendant] convicted of? Second, does that offense require proof of the use, attempted use, or threatened use of physical force . . . ?

*Bonilla-Mungia*, 422 F.3d at 320.

Gonzalez-Chavez was convicted of aggravated battery under section 784.045 of the 1998 Florida Statutes, which provides three distinct ways to commit aggravated battery.[4] Unfortunately, the record does not indicate under which subsection of section 784.045 Gonzalez-Chavez was convicted. Although the presentence report ("PSR") contains facts relating to Gonzalez-Chavez's alleged conduct in committing the aggravated battery, this Court will not consider those facts because they are not explicit findings the Florida court made or used in adjudicating Gonzalez-Chavez's guilt. *Bonilla-Mungia*, 422 F.3d at 321; *see also Garza-Lopez*, 410 F.3d at

---

[4]Section 784.045 states,
(1)(a)     A person commits aggravated battery who, in committing battery:
1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
2. Uses a deadly weapon.
    (b)     A person commits aggravated battery if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant.
Fla. Stat. § 784.045. Battery occurs under Florida law when a person "[a]ctually and intentionally touches or strikes another person against the will of the other" or "intentionally causes bodily harm to another person." Fla. Stat. § 784.03(1)(a).

5

274 ("[A] district court is not permitted to rely on a PSR's characterization of a defendant's prior offense for enhancement purposes."). And the record contains no other documents on which this Court may rely to determine whether Gonzalez-Chavez's conviction fits under the definition of crime of violence. Where we cannot identify with legal certainty under which portion of a statute a defendant was convicted, we cannot determine whether a crime of violence enhancement was proper. *Bonilla-Mungia*, 422 F.3d at 321. In such a case, we remand to the district court for supplementation of the record and re-sentencing. *Id.*

We reiterate the rule of *Bonilla-Mungia* here to emphasize that in cases in which, as here, it is not clear (1) under which portion of a multipart statute the defendant was previously convicted and (2) whether the subsections of that statute qualify as crimes of violence, district courts must ensure that the appropriate documentation[5] is included in the record before imposing a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Reliance on a PSR will not suffice in these cases. We do not address on these facts the case in which a statute's subsections are all clearly

---

[5]As discussed above, "[t]hese records are generally limited to the 'charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *Bonilla-Mungia*, 422 F.3d at 320.

crimes of violence. In such a case, remand might not be required.[6]

Accordingly, we VACATE the sentence imposed on Gonzalez-Chavez and REMAND for development of the record and re-sentencing.

## II.

On remand, the district court should order the government to supplement the record with documents that might establish to which elements of aggravated battery Gonzalez-Chavez pled guilty. Once the government has supplemented the record, the district court should reconsider whether a sixteen-level enhancement is warranted under U.S.S.G. § 2L1.2, taking into consideration whether Gonzalez-Chavez's conviction for aggravated battery qualifies as a crime of violence under either subpart of the commentary to U.S.S.G. § 2L1.2(b)(1)(A)(ii).

---

[6]Here, at least one subsection of the statute, namely subsection 1(b), is not clearly a crime of violence. This is because battery of a pregnant woman can be committed without the use, attempted use, or threatened use of force, for example, it can be committed by spitting on a pregnant woman. *See Johnson v. State*, 858 So. 2d 1071, 1072 (Fla. App. 3d Dist. 2003) (holding that just because spitting on someone certainly "amounts to an unwanted touching, it does not amount to the use or threat of use of physical force or violence.").