United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40495
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GUADALUPE URBINA-RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-785-ALL
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

Jose Guadalupe Urbina-Rodriguez (Urbina) appeals the

sentence imposed following his guilty-plea conviction for illegal

reentry after deportation.  Urbina argues that the district court

committed reversible plain error when it enhanced his sentence

pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior

conviction, in Kentucky state court, for sexual abuse.

The Government argues that Urbina waived his right to raise

this argument on appeal by "knowingly and intentionally" failing

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to raise the issue during sentencing.  Alternatively, the Government seeks to enforce the waiver of appeal executed by Urbina in the plea agreement.  We reject both contentions.  See United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005); FED. R. CRIM. P. 11(b)(1)(N).

Under the 2004 version of § 2L1.2(b)(1)(A)(ii), a person convicted of illegal reentry faces a 16-level increase in their base offense level if, prior to deportation, they were convicted of a felony that is "a crime of violence."  The term "crime of violence means any of the following:  forcible sex offenses . . . or any offense under federal, state, or local law that has an element of use, attempted use, or threatened use of physical force against the person of another." § 2L1.2, comment. (n.1(b)(iii)).

When, as here, the statute to which Urbina pleaded guilty contained multiple, disjunctive subsections, a district court may "look beyond the statute to certain 'conclusive records made or used in adjudicating guilt' in order to determine which particular statutory alternative applies to the defendant's conviction."  United States v. Gonzalez-Chavez, ___ F.3d ___ (5th Cir. Nov. 30, 2005), No. 04-40173, 2005 WL 3196524 at *2 (internal quotation and citation omitted).  "These records are generally limited to the 'charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant

assented.'" Id. (citing Shepard v. United States, 125 S. Ct. 1254, 1257 (2005)). "Reliance on the PSR will not suffice." Id.

Although the defendant in Gonzalez-Chavez was raising his challenge to the application of § 2L1.2(b)(1)(A)(ii) for the first time on appeal, we refused to consider facts contained in the PSR which related to the alleged conduct of the prior offense. Id. Because the record contained no other documents upon which it could rely to determine whether the prior offense fit under the definition of a crime of violence, we remanded the case for resentencing. Id. at *2-3.

The instant case is controlled by Gonzalez-Chavez, 2005 WL 3196524 at *2. Accordingly, we VACATE the sentence and REMAND for resentencing.

Urbina also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Urbina's argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Urbina contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Urbina properly concedes that his argument is

foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

VACATE AND REMAND FOR RESENTENCING.