OWEN, Circuit Judge,
dissenting:
I respectfully dissent in part. I would hold that sexual intercourse without legally effective consent is within the scope of “forcible sex offenses” and therefore is a “crime of violence” within the meaning of section 2L1.2 of the Sentencing Guidelines. I differ with the majority’s conclusion that the decision in United States v. Sarmiento-Funes[1] is controlling. The Sentencing Guidelines have been amended since that case was decided, and those amendments clarify the intended meaning of “forcible sex offenses.” I agree with the majority’s resolution of the other issues presented.
I
The district court applied a 16-level increase to Luciano-Rodriguez’s base offense level because the court concluded that Luciano-Rodriguez had been convicted in a Texas state court of a “crime of violence,” namely a “forcible sex offense[],” within the meaning of section 2L1.2 of the Sentencing Guidelines.[2] Luciano-Rodriguez was convicted in state court under the 1996 version of Texas Penal Code section 22.011. The indictment in the state-court proceedings asserted that he “intentionally and knowingly causefd] the penetration of the female sex organ of Jane Doe by defendant’s sex organ, without the consent of Jane Doe.” Luciano-Rodriguez signed a judicial confession and stipulation pleading guilty as charged in the indictment. The state *325 court judgment reflects that Luciano-Rodriguez pleaded guilty to “the offense of Sexual Assault, a felony of the Second Degree” after having been “advised by the Court of the elements of the offense.” However, there are a number of alternative means of violating Texas Penal Code section 22.011, and the state-court record does not reflect the precise elements to which Luciano-Rodriguez pleaded guilty. Under the categorical approach that we must apply, each of the alternative means of violating section 22.011 must constitute a “crime of violence,” in this case a “forcible sex offense[],” or else the 16-level enhancement should not have been used in calculating the sentencing range under the Guidelines.[3]
II
The Texas Penal Code generally defines “consent” as “assent in fact, whether express or apparent.”[4] The Texas sexual assault provision under which Luciano-Rodriguez was convicted specifically provided that:
(b) A sexual assault under Subsection (a)(1) is without the consent of the other person if:
(1) the actor compels the other person to submit or participate by the use of physical force or violence;
(2) the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat;
(3) the other person has not consented and the actor knows the other person is unconscious or physically unable to resist;
(4) the actor knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act or of resisting it;
(5) the other person has not consented and the actor knows the other person is unaware that the sexual assault is occurring;
(6) the actor has intentionally impaired the other person’s power to appraise or control the other person’s conduct by administering any substance without the other person’s knowledge;
(7) the actor compels the other person to submit or participate by threatening to use force or violence against any person, and the other person believes that the actor has the ability to execute the threat;
(8) the actor is a public servant who coerces the other person to submit or participate;
(9) the actor is a mental health services provider who causes the other person, who is a patient or former patient of the actor, to submit or participate by exploiting the other person’s emotional dependency on the actor; or
(10) the actor is a clergyman who causes the other person to submit or participate by exploiting the other person’s emotional dependency on the clergyman in the clergyman’s professional character as spiritual adviser.[5]
Although the majority opinion does not point to any particular provision in Texas Penal Code section 22.011(b), it concludes that at least one of the foregoing subsec *326 tions “criminalizes assented-to-but-not-consented-to conduct.”[6] The plain text of the Texas statute, however, says otherwise. It specifically provides that there is no assent in fact, express or implied, under any of the circumstances enumerated in subsection 22.011(b): “A sexual assault under Subsection (a)(1) is without the consent [assent in fact, whether express or apparent] of the other person if ....” This should make clear that in all the circumstances described in section 22.011(b), there is no assent in fact under Texas law because the victim was forced or coerced into submitting, the victim did not assent and could not physically resist, or the victim did not have the ability or mental capability to give assent. By statutory definition, there is no assent in fact in any of the subdivisions of section 22.011(b). However, that should not be dispositive of whether each of the ways in which Texas Penal Code section 22.011(a)(1) may be violated is within the ambit of “forcible sex offenses.” That determination must be made with reference to the “generic, contemporary meaning” of “forcible sex offenses” for the reasons discussed below.[7]
Ill
The term “forcible sex offenses” is not defined in the Sentencing Guidelines. Therefore, in applying this term, “we must define it according to its ‘generic, contemporary meaning,’ and should rely on a uniform definition, regardless of the ‘labels employed by the various States’ criminal codes.’ ”[8]
In Taylor v. United States,[9] the Supreme Court was called upon to define “burglary” as that term was used in 18 U.S.C. § 924(e), which was an enhancement enacted as part of the Career Criminals Amendment Act of 1986. The Supreme Court concluded that it should not look to the common-law definition of burglary, observing “the contemporary understanding of ‘burglary’ has diverged a long way from its commonlaw roots.”[10] The Court also surveyed various state statutes regarding burglary, noting the many variations across state law.[11] Because of these differences, the Court reasoned that “ ‘burglary’ in § 924(e) must have some uniform definition independent of the labels employed by the various States’ criminal codes.”[12] The Court nevertheless decided that in spite of the variations, “Congress meant by ‘burglary’ the generic sense in which the term is now used in the criminal codes of most States.”[13] “Although the exact formulations vary, the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.”[14] The Court cited a treatise by LaFave and Scott and the Model Penal Code in arriving upon “the generic, contemporary meaning of burglary.”[15]
*327 Unlike the term burglary, “forcible sex offense[ ]” is not commonly used in state statutes,[16] nor is it found in the Model Penal Code[17] or the treatise by LaFave. The term is not limited to “rape” when used in section 2L1.2 of the Sentencing Guidelines. In fact, the pre-2003 version expressly included “sexual abuse of a minor” among “forcible sex offenses,” and as will be considered in more detail below, the subsequent 2003 amendments separately enumerating “sexual abuse of a minor” were intended only to clarify, not expand the scope of “forcible sex offenses.” Accordingly, we know that a variety of sexual offenses, including some that do not necessarily involve physical force, are included within “forcible sex offenses.”
As noted, the Model Penal Code does not use the term “forcible sex offense,” but it does address a range of sexual conduct. It concludes that the “subject of rape and related sex offenses” is “complex and controversial” and therefore “seeks to introduce a rational grading scheme.”[18] It states “the Model Code does not criminalize consensual sexual conduct between adults.”[19] It thus logically follows that sexual conduct between adults criminalized by the Model Penal Code is not deemed “consensual sexual conduct” by that Code. Various forms of sexual conduct that may involve assent in fact, as defined by the majority opinion in today’s case, is criminalized by the Model Penal Code,[20] and it criminalizes some forms of sexual conduct in which the victim’s ability to consent is impaired or non-existent.[21] However, it does not appear that any provision of the Model Penal Code, including section 213.4, which addresses sexual contact short of intercourse, would be violated under the circumstances described in either subsections 9 or 10 of Texas Penal Code section *328 22.011(b), dealing, respectively, with mental health services providers and clergymen who obtain submission to sexual intercourse “by exploiting the other person’s emotional dependency.”[22]
LaFave’s treatise deals with rape but not other sexual offenses. It considers at some length the varying state laws regarding rape, discussing whether force or consent or both are taken into account and if so, the differing ways in which that is done.[23] The treatise also explains the “extrinsic force standard,” which “ordinarily requires proof of use of force or threat of force,” and the “intrinsic force standard,” which “is the directly contrary proposition, namely, that such inherent force itself suffices.”[24] Notwithstanding the variety of state laws and the difference between the extrinsic and intrinsic force standards, the LaFave treatise concludes: “Collectively, these [more recent as well as older] cases suggest this generalization: that intrinsic force is sufficient to prove force, but that extrinsic force must be established whenever the case is one in which consent by the victim is neither impossible nor legally irrelevant. This squares with the force-as-an-element, force-as-proof-of-nonconsent dichotomy noted earlier.”[25] It would seem that under this generalization, sexual intercourse without legally effective consent of the victim would involve an element of force and would constitute rape under most state laws.
IV
While the Model Penal Code and La-Fave’s treatise provide some information, the fact remains that the term “forcible sex offenses” is not widely used in the case law, statutes, or scholarly writings. The best source of the Sentencing Commission’s intent is the Sentencing Guidelines Manual itself, including the commentary and the history of its promulgation. Before November 1, 2003, the definition of “crime of violence” in the commentary to section 2L1.2 of the Sentencing Guidelines was as follows:
(I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and
(II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.[26]
The foregoing definition was amended in 2003 to provide:
“Crime of violence” means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.[27]
The Sentencing Commission’s stated reason for the amendment was as follows:
[T]he amendment adds commentary that clarifies the meaning of the term “crime *329 of violence” by providing that the term “means any of the following: .... ” The previous definition often led to confusion over whether the specified offenses listed in that definition, particularly sexual abuse of a minor and residential burglary, also had to include as an element of the offense “the use, attempted use, or threatened use of physical force against the person of another.” The amended definition makes clear that the enumerated offenses are always classified as “crimes of violence,” regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another.[28]
Significantly, the amendment enumerated “statutory rape” as an offense to “clar-if[y]” the term “crime of violence.” The Commission did not say it was expanding the list of enumerated offenses in the definition of “crime of violence.” This strongly implies that the Sentencing Commission had previously intended statutory rape to be included among “forcible sex offenses” just as it had intended “sexual abuse of a minor” to be among “forcible sex offenses.” As previously noted, the pre-2003 commentary defined “crime of violence” as “forcible sex offenses (including sexual abuse of a minor).”[29]
Unquestionably, there can be assent in fact in a statutory rape case, but that assent has no legal effect. It seems highly unlikely that the Sentencing Commission intended a 16-level increase for statutory rape, but not for rape of an adult when there was no legally effective consent. Texas Penal Code section 22.011(b) was intended to protect those who are legally incapable of giving consent or assent in fact, just as statutory rape statutes are intended to protect those minors whom the law deems incapable of giving consent. At least one Texas state court decision has confirmed that “[t]he purpose of the effective consent provision of section 22.011(b) is to protect those whom the law deems incapable of consent. If the law deems [a] complainant incapable of giving consent, he is also incapable of withholding consent."[30] This means that even if a victim did not resist or said “yes” to sexual intercourse, the victim was incapable of resisting or saying “no” under the circumstances set forth in section 22.011(b). Each subsection of Texas Penal Code section 22.011(b) that does not have an element of force, threatened force, or coercion contemplates that the victim does not have the mental or emotional capacity to give consent to sexual intercourse with the actor at the time of the act.
I agree with the district court in this case that the act of sexual intercourse is inherently and intrinsically forceful when there is no legally effective consent. But even if reasonable minds differ on that score, the history behind the definition of “forcible sex offenses” under section 2L1.2 convinces me that sexual intercourse without legally effective consent is within the scope of that term.
V
The decision in United States v. Sarmiento-Funes[31] construed and applied the pre-2003 amendments to section 2L1.2 of the Sentencing Guidelines. The Court did not consider the impact of the express *330 inclusion of statutory rape among the enumerated offenses constituting “crime[s] of violence” as a “clarif[ication]” in 2008.
The Sarmiento-Funes decision considered two separate definitions of “crime of violence.” It first concluded that the Missouri sexual assault statute under consideration did not have “as an element the use, attempted use, or threatened use of physical force” within the meaning of the former Guidelines’ section 2L1.2.[32] In reaching that conclusion, the Sarmiento-Funes decision relied heavily on another decision of this court, United States v. Houston, which held that a prior statutory rape conviction based on consensual sexual intercourse between a 20-year-old man and a female at least one day younger than 17 years old was not a “crime of violence” as that term was defined in section 4B1.2 of the Guidelines because the statute under which the defendant was convicted did not require “use of physical force” as an element of the crime.[33] The 2003 amendments to the definition of “crime of violence” in section 2L1.2 were not duplicated in the definition of that term in section 4B1.2, so that the term “crime of violence” differs between the two sections in that regard as well as others. Even if Houston’s, reasoning that statutory rape does not have as an element the use of “physical force” survives, which I need not debate in this case, statutory rape is nevertheless expressly a “crime of violence” under section 2L1.2.
The decision in Sarmiento-Funes also examined the meaning of “forcible sex offenses.” It recognized that this phrase included sexual abuse of a minor even though that offense does not have force as an element because “sexual abuse of a minor is essentially sui generis and does not need to be otherwise ‘forcible.’ ”[34] Notwithstanding its recognition that “forcible sex offenses” included at least one offense in which force was not an element, the court ultimately concluded that
[i]n the absence of an authoritative definition of “forcible sex offense,” we believe that the most natural reading of the phrase suggests a type of crime that is narrower than the range of conduct prohibited under [the Missouri statute]. In particular, it seems that the adjective “forcible” centrally denotes a species of force that either approximates the concept of forcible compulsion or, at least, does not embrace some of the assented-to-but-not-consented-to conduct at issue here.[35]
We now have a more “authoritative definition” of “forcible sex offenses,” as discussed above, based on the amendments to section 2L1.2. I therefore conclude that Sarmiento-Funes cannot be controlling on this issue.
VI
This case is being remanded based on the majority opinion’s holding that Luciano-Rodriguez’s prior state-court conviction was not a forcible sex offense. I note *331 that on remand, the Sentencing Guidelines are advisory, and the district court may depart upwardly from the Guidelines in its discretion after considering the factors in 18 U.S.C. § 3553(a). It may impose the same sentence that it previously imposed as long as that sentence is reasonable.[36]
In conclusion, I respectfully dissent.

. 374 F.3d 336 (5th Cir.2004).

. The complete definition of a "crime of violence” in the applicable version of section 2L1.2 is:
"Crime of violence” means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.
U.S. Sentencing Guidelines Manual ("U.S.S.G.”) § 2L1.2, cmt. n.1(B)(iii) (effective November 1, 2003). This definition remains unchanged in the current version of the Guidelines. See U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (2005).

. See, e.g., United States v. Gonzalez-Chavez, 432 F.3d 334, 337 (5th Cir.2005); United States v. Bonilla-Mungia, 422 F.3d 316, 320 (5th Cir.2005).

. Tex. Penal Code § 1.07(a)(11) (Vernon 2005).

. Tex. Penal Code § 22.011(b) (Vernon 1996).

. Ante at 323.

. See United States v. Dominguez-Ochoa, 386 F.3d 639, 642-43 (5th Cir.2004), cert. denied, 543 U.S. 1131, 125 S.Ct. 1103, 160 L.Ed.2d 1086 (2005).

. Id. (quoting Taylor v. United States, 495 U.S. 575, 592, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)).

. 495 U.S. at 577-78, 110 S.Ct. 2143.

. Id. at 593, 110 S.Ct. 2143.

. Id. at 591, 110 S.Ct. 2143.

. Id. at 592, 110 S.Ct. 2143.

. Id. at 598, 110 S.Ct. 2143.

. Id.

. Id. at 598 & n. 8, 110 S.Ct. 2143 (citing W. LaFave & A. Scorr, Substantive Criminal Law § 8.13, p. 464 (1986), and American Law Institute, Model Penal Code § 221.1 (1980)).

. See generally Wayne R. LaFave, Substantive Criminal Law § 17.3 (2d ed.2003).

. See Model Penal Code §§ 213.1-213.6 (2001).

. Model Penal Code, Explanatory Note for Sections 213.1-213.6 (2001).

. Id.

. Section 213.1(1) of the Model Penal Code, entitled "Rape and Related Offenses,” provides that "[a] male who has sexual intercourse with a female not his wife is guilty of rape if,” among other listed situations, "he has substantially impaired her power to appraise or control her conduct by administering or employing without her knowledge drugs, intoxicants or other means for the purpose of preventing resistance.” Section 213.1(2) also provides that "[a] male who has sexual intercourse with a female not his wife commits a felony of the third degree if,” among other listed conduct, "he knows that she suffers from a mental disease or defect which renders her incapable of appraising the nature of her conduct,” or he knows "that she submits because she mistakenly supposes that he is her husband.” Each of these offenses is a felony under the Model Penal Code.
Section 213.3 of the Model Penal Code, entitled "Corruption of Minors and Seduction,” provides that the following are misdemeanors:
(1) A male who has sexual intercourse with a female not his wife, or any person who engages in deviate sexual intercourse or causes another to engage in deviate sexual intercourse, is guilty of an offense if:
(c) the other person is in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over him; or
(d) the other person is a female who is induced to participate by a promise of marriage which the actor does not mean to perform.

. See id. § 213.1(2) (providing that a man who has sexual intercourse with a female not his wife commits a felony if "he knows that she suffers from a mental disease or defect which renders her incapable of appraising the nature of her conduct ... or he knows that she is unaware that a sexual act is being committed upon her”).

. Tex Penal Code § 22.011(b)(9), (10) (Vernon 1996).

. LaFave, supra note 16 § 17.03.

. Id. § 17.03(a), at 622.

. Id. § 17.03(a), at 623.

. U.S.S.G. § 2L1.2 cmt. n.1(B)(ii) (2002) (amended effective November 1, 2003).

. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (effective November 1, 2003).

. U.S.S.G. app. C, amend. 658, at 401-02 (2003).

. U.S.S.G. § 2L1.2 cmt. n.1(B)(ii)(II) (2002) (amended effective November 1, 2003).

. Rider v. Texas, 735 S.W.2d 291, 293 (Tex. App.-Dallas 1987, no writ) (emphasis added).

. 374 F.3d 336 (5th Cir.2004).

. Id. at 341 (construing Mo. Ann. Stat. § 566.040(1) (West 1999)).

. Id. at 340-41 (discussing United States v. Houston, 364 F.3d 243, 246-47 (5th Cir.2004)). The decision in Houston additionally held that "sexual intercourse between a 20 year old male and a female a day under 17, free of aggravating circumstances such as the victim’s lack of consent or the offender’s use of violence, does not present a serious potential risk of physical injury.” 364 F.3d. at 248. The definition of "crime of violence” in section 4B1.2 included conduct that "by its nature, presented a serious potential risk of physical injury to another,” while section 2L1.2 does not include such a phrase.

. Id. at 344.

. Id.

. United States v. Mares, 402 F.3d 511, 519 (5th Cir.2005) (citing United States v. Booker, 543 U.S. 220, 262, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)).