United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41150
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ALEJANDRO RAMIREZ-AGUILAR

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-221-ALL

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Alejandro Ramirez-Aguilar appeals his guilty-plea conviction and sentence for illegal reentry into the United States following deportation subsequent to a felony conviction for an aggravated felony. 8 U.S.C. § 1326(a)-(b) (2000). Ramirez-Aguilar was sentenced to thirty-three months of imprisonment and a three-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, Ramirez-Aguilar argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. Ramirez-Aguilar's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Ramirez-Aguilar contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005), cert. denied, 126 S. Ct. 298 (2005). Ramirez-Aguilar properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Ramirez-Aguilar also argues for the first time on appeal that his prior Texas conviction for Class A misdemeanor assault was not a crime of violence for purposes of an eight-level enhancement pursuant to U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(C) (2003) [hereinafter U.S.S.G.]. Because he failed to raise this issue in the district court, this court reviews for plain error. United States v. Bonilla-Mungia, 422 F.3d 316, 319 (5th Cir. 2005). When determining whether a prior

conviction is a crime of violence because it has as an element the use, attempted use, or threatened use of physical force, district courts must employ the categorical approach established in Taylor v. United States, 495 U.S. 575, 602 (1990). Bonilla-Mungia, 422 F.3d at 320. "Under that approach, courts determine the elements to which a defendant pleaded guilty by analyzing the statutory definition of the offense, not the defendant's underlying conduct." Id. (citing United States v. Calderon-Pena, 383 F.3d 254, 257 (5th Cir. 2004) (en banc), cert. denied, 543 U.S. 1076 (2005)). If a statute contains multiple, disjunctive subsections, the court may look beyond the statute to certain records to determine which particular statutory provision applies to the defendant's conviction, but "[t]hese records are generally limited to the 'charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" Id. (quoting Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 1257 (2005)).

Ramirez-Aguilar's prior conviction arose under either TEX. PENAL CODE ANN. § 22.01(a)(1) or (a)(3) (Vernon 2003). A conviction under § 22.01(a)(1) is a crime of violence sufficient to trigger the § 2L1.2(b)(1)(C) enhancement. See United States v. Shelton, 325 F.3d 553, 561 (5th Cir. 2003). A conviction under § 22.01(a)(3), however, is not a crime of violence and does not trigger the enhancement. See Gonzalez-Garcia v. Gonzales,

2006 WL 346298, at **3-4 (5th Cir. Feb. 14, 2006) (unpublished).
Unfortunately, the record does not tell us which subsection of
§ 22.01--(a)(1) or (a)(3)--applies to Ramirez-Aguilar's
conviction. Although the presentence report ("PSR") contains
facts pertaining to Ramirez-Aguilar's alleged conduct in
committing the underlying offense, we are not permitted to rely
on the PSR's characterization of Ramirez-Aguilar's prior
conviction for enhancement purposes. Bonilla-Mungia, 422 F.3d at
320-21 (citing Garza-Lopez, 410 F.3d at 274 ("[U]nder Shepard, a
district court is not permitted to rely on a PSR's
characterization of a defendant's prior offense for enhancement
purposes.")). Aside from the judgment of conviction, which does
not indicate whether Ramirez-Aguilar was convicted under
§ 22.01(a)(1) or § 22.01(a)(3), the record contains no other
documents--such as an indictment, information, plea agreement, or
transcript of the plea colloquy from Texas state court--that this
court may rely on to determine whether Ramirez-Aguilar's
conviction constituted a crime of violence. Id. Where, as here,
we cannot identify with legal certainty under which portion of a
statute a defendant was convicted, we remand to the district
court for supplementation of the record and resentencing. See
id. (reviewing crime of violence enhancement for plain error and
remanding to the district court for supplementation of the record
and resentencing where the court could not determine "with legal
certainty which portion of the sexual battery statute [the

defendant] was convicted under"); <u>United States v. Gonzalez-Chavez</u>, 432 F.3d 334, 338 (5th Cir. 2005) ("Where we cannot identify with legal certainty under which portion of a statute a defendant was convicted, we cannot determine [under plain-error review] whether a crime of violence enhancement was proper. In such a case, we remand to the district court for supplementation of the record and re-sentencing.") (internal citations omitted). Accordingly, we vacate the sentence imposed on Ramirez-Aguilar and remand to the district court for development of the record and resentencing.[1]

On remand, the district court should order the government to supplement the record with documents that might establish to which elements of assault Ramirez-Aguilar pleaded guilty. Once the government has supplemented the record, the district court should reconsider whether an eight-level enhancement is warranted under U.S.S.G. § 2L1.2(b)(1)(C), taking into consideration whether Ramirez-Aguilar's conviction for assault qualifies as a crime of violence. <u>See</u> <u>Shelton</u>, 325 F.3d at 561; <u>Gonzalez-Garcia</u>, 2006 WL 346298, at **3-4. In making this determination, the district court will no longer be bound by the Guidelines, but it should still determine the applicable guideline range and

---

[1] The judgment of conviction indicates that Ramirez-Aguilar was ultimately convicted of a reduced charge. While the indictment may not be particularly helpful in this case, the government should supplement the record with other documents, including the information filed in state court, so that the district court may discern (with legal certainty) under which provision Ramirez-Aguilar was convicted.

consider the factors under 18 U.S.C. § 3553(a).[2]  See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005), cert. denied, 126 S. Ct. 43 (2005).

VACATED and REMANDED.

---

[2] Because we vacate Ramirez-Aguilar's sentence and remand on other grounds, it is unnecessary to address Ramirez-Aguilar's argument in his supplemental letter brief that the district court erred by mandatorily applying the Guidelines.  See Bonilla-Mungia, 422 F.3d at 321 n.6 (citing United States v. Alfaro, 408 F.3d 204, 210 n.2 (5th Cir. 2005), cert. denied, 126 S. Ct. 271 (2005)).