United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10538
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE LUIS BUILTRON MALACARA, also known as Jose Marquez,
also known as Serferino Aousa, also known as George Matta,
also known as Juan Button, also known as Juan Marquez, also
known as Juan Jose Marquez, also known as Juan Rodriguez,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-181-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:*

        Jose Luis Builtron Malacara appeals his guilty-plea

conviction and 77-month sentence for illegal reentry into the

United States following deportation.  Builtron Malacara argues

that the felony and aggravated felony provisions of 8 U.S.C.

§ 1326(b) are unconstitutional.  His constitutional challenge is

foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224,

235 (1998).  Although Builtron Malacara contends that

--------

        * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Builtron Malacara properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

For the first time on appeal, Builtron Malacara argues that the district court erred in enhancing his sentence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior Texas aggravated robbery conviction. Our review is limited to plain error. United States v. Gonzalez-Chavez, 432 F.3d 334, 336 (5th Cir. 2005).

Under § 2L1.2(b)(1)(A)(ii), a defendant's base offense level is increased by 16 levels if he was previously deported after a conviction of a crime of violence. Robbery is an enumerated crime of violence in the application notes to § 2L1.2. § 2L1.2, comment. (n.1(B)(iii)). Builtron Malacara has not shown plain error in the increase of his offense level based on his prior aggravated robbery conviction. See United States v. Santiesteban-Hernandez, 469 F.3d 376, 378, 381 (5th Cir. 2006).

AFFIRMED.