United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-41020
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

versus

**HUGO VICTOR CANO-ESPARZA,**

Defendant-Appellant.

**Appeal from the United States District Court
for the Southern District of Texas
(7:06-CR-53-1)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Following a guilty-plea conviction for illegal reentry following deportation, Hugo Victor Cano-Esparza was sentenced, *inter alia*, to 46 months imprisonment after the district court, in computing the advisory Guidelines sentencing range, imposed a sentencing enhancement for Cano-Esparza's having been previously deported following a "crime of violence". Cano-Esparza claims: the district court erred in finding his prior state felony-assault conviction constituted a crime of violence under Guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2(b)(1)(A)(ii); and the sentencing-enhancement statute, 8 U.S.C. § 1326(b), is unconstitutional.

Although Cano-Esparza objected to the enhancement in district court, he did *not* do so on the basis presented here. Therefore, our review is only for plain error. *See* **United States v. Musa**, 45 F.3d 922, 924 n.5 (5th Cir. 1995) ("To preserve an issue for review on appeal, the defendant's objection must fully apprise the [district court] of the grounds for the objection so that evidence can be taken and argument received on the issue."); **United States v. Ochoa-Cruz**, 442 F.3d 865, 866 (5th Cir. 2006) (plain error exists when clear or obvious error affects defendant's substantial rights).

Section 2L1.2(b)(1)(A)(ii) authorizes a sentencing enhancement when a defendant was previously deported after committing a "crime of violence". That section's application note defines a crime of violence as, *inter alia*, any state or federal offense "that has as an *element* the use, attempted use, or threatened use of physical force against the person of another". U.S.S.G. § 2L1.2, comment. n.1(B)(iii) (emphasis added).

Cano-Esparza's prior assault offense violated Texas Penal Code § 22.01(a)(1) and (b)(2) (Vernon 1999), which proscribes "intentionally, knowingly, or recklessly caus[ing or threatening] bodily injury to another". Because use of force is *not* an *element* of Texas' assault provision, the district court committed a clear

2

or obvious error in looking to the conduct underlying the offense to determine it constituted a crime of violence. *United States v. Villegas-Hernandez*, 468 F.3d 874, 882 (5th Cir. 2006) (use of force is not an element of TEX. PENAL CODE § 22.01(a)(1)), *cert denied*, 127 S. Ct. 1351 (2007); *see also United States v. Calderon-Pena*, 383 F.3d 254, 257 (5th Cir. 2004) ("Although the actual conduct described in the indictment[] could be construed to involve the use of physical force .... [t]he [proper] inquiry ... looks to the *elements* of the crime, not to the defendant's actual conduct in committing it"); *United States v. Gonzalez-Chavez*, 432 F.3d 334, 337 (5th Cir. 2005) (only if the statute of conviction contains multiple, disjunctive elements, one or more of which involves the use or threatened use of force as an element, may a court look to underlying conduct to determine which statutory alternative applies to the defendant's conviction). Obviously, this error affected Cano-Esparza's substantial rights. Therefore, his sentence is vacated and this case is remanded for resentencing. *See Villegas-Hernandez*, 468 F.3d at 885; *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005); *see also United States v. Garza-Lopez*, 410 F.3d 268, 275 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005).

In challenging the constitutionality of his sentencing enhancement, Cano-Esparza contends prior felony convictions must be treated as elements of the offense found by a jury, rather than as sentencing factors. Cano-Esparza concedes this challenge is

3

foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).  He raises it here only to preserve it for further review.

*CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.*