IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2007

Charles R. Fulbruge III
Clerk

No. 06-50809
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GABRIEL FRIAS-PINA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-43-ALL

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gabriel Frias-Pina (Frias) appeals his 60-month sentence imposed after his guilty-plea conviction for illegal reentry into the United States following deportation. For the first time on appeal, Frias argues that the district court committed error by enhancing his sentence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior Texas conviction for aggravated robbery. Our review is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limited to plain error.  United States v. Gonzalez-Chavez, 432 F.3d 334, 336 (5th Cir. 2005).

Under § 2L1.2(b)(1)(A)(ii), a defendant's base offense level is increased by 16 levels if he was previously deported after a conviction of a crime of violence. Robbery is an enumerated crime of violence in the application notes to § 2L1.2, comment. (n.1(B)(iii)).  Frias has not shown plain error in the increase of his offense level based on his prior aggravated robbery conviction. See United States v. Santiesteban-Hernandez, 469 F.3d 376, 378, 381 (5th Cir. 2006).

AFFIRMED.