IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2007

Charles R. Fulbruge III
Clerk

No. 06-10846
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

STEPHEN WAYNE NORWOOD

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:03-CR-9-ALL

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Stephen Wayne Norwood appeals from his conviction of possession of ammunition by a convicted felon. We previously affirmed Norwood's conviction, affirmed the sentence in part, and remanded the case for resentencing. United States v. Norwood (Norwood I), 155 F. App'x 784 (5th Cir. 2005).

Norwood contends that the Government failed to prove his prior convictions to the extent required by federal law because the state-court records

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

do not indicate that he was admonished about the consequences of his true pleas to enhancement paragraphs to the extent that those pleas could be deemed knowing and voluntary. Thus, he argues, his true pleas did not constitute admissions "entered pursuant to proceedings with substantial procedural safeguards of their own," Apprendi v. New Jersey, 530 U.S. 466, 488 (2000), that can be used for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Norwood did not raise this particular contention in the district court; the contention thus is reviewed under the plain error standard. See United States v. Gonzalez-Chavez, 432 F.3d 334, 336 (5th Cir. 2005).

Although Norwood challenges the validity of his true pleas, he does not contend that his guilty pleas were entered without adequate procedural safeguards. The indictments and judgments introduced in the district court-- apart from the allegations in enhancement paragraphs--indicated that Norwood committed burglaries on October 14, 1980, January 19, 1983, July 30, 1988, February 16, 1986, and March 14, 1991. Those documents satisfy the requirements of Shepard v. United States, 544 U.S. 13 (2005).

In light of Apprendi, Norwood challenges the constitutionality of the treatment of prior convictions as sentencing factors rather than elements of the offense that must be found by a jury. In the context of challenges to the constitutionality of 8 U.S.C. § 1326(b), this court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

Norwood contends that the district court should not have been permitted to consider the documentary evidence of his prior convictions at resentencing. He asserts, based on Supreme Court precedent in death penalty cases, that consideration of new evidence on remand violates the Double Jeopardy Clause. Norwood raises his contention for the first time on appeal; our review is for plain error. See Gonzalez-Chavez, 432 F.3d at 336.

When the record is insufficient to determine whether a defendant's previous convictions qualify him for sentencing under the ACCA, the case is remanded to the district court for supplementation of the record and resentencing. Id. at 338. The Double Jeopardy Clause is inapplicable to non-capital sentencing proceedings. See Monge v. California, 524 U.S. 721, 728 (1998). Norwood has failed to show error, plain or otherwise.

Norwood contends that the district court erred by imposing his federal sentence to run consecutively to his Young County sentence because his post-revocation resentencing had not yet occurred before his initial federal sentencing. We need not consider Norwood's contention, as the issue of consecutive versus concurrent sentences was beyond the scope of our previous remand. See United States v. McCrimmon, 443 F.3d 454, 459 (5th Cir.), cert. denied, 547 U.S. 1120 (2006); United States v. Lee, 358 F.3d 315, 321 (5th Cir. 2004).

Norwood contends that the district court erred by denying his motion to withdraw his guilty plea without an evidentiary hearing. He concedes that the issue is foreclosed by this court's decision in Norwood I, but he raises it to preserve it for further review. Norwood offers no argument on the issue other than to "incorporate by reference his briefing on the issue undertaken in the prior appeal." Norwood may not incorporate his previous briefs. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). He thus has failed to brief his issue for appeal. See id.

Norwood's appeal is without arguable merit and is dismissed as frivolous. See United States v. Salazar-Olivares, 179 F.3d 228, 230 (5th Cir. 1999); 5TH CIR. R. 42.2. The Government's motion to dismiss Norwood's appeal is denied as unnecessary.

APPEAL DISMISSED AS FRIVOLOUS. MOTION TO DISMISS DENIED.